In overturning the trial court's ruling to suppress evidence, the majority skips the first step of the analysis, which requires this court to review the trial court's findings of historical fact for clear error. See Ornelas v. United States, 517 U.S. at 699, 116 S.Ct. at 1663. The consequence of this omission is to disregard the customary deference to the trial court's expertise on issues of weight of the evidence and credibility of the witnesses.
It is undisputed that Officer Howard grabbed Stafford's wrist, telling him he was under arrest. In finding that Officer Howard made only an investigatory stop and not a custodial arrest of Stafford, the majority states that Officer Howard "never had the intent to arrest Stafford for an open-container violation, but merely wanted to issue a citation."
This conclusion is at odds with the trial court's own assessment of Officer Howard's testimony. In its commendably detailed findings, delivered from the bench, the trial court does not hide the fact that it rejected the officers' explanations that they had told Stafford he was under arrest merely to talk to him and to issue him a citation. Furthermore, finding that the officers had no prior information that would focus suspicion on Stafford, the trial court rejected the officers' explanation that they were afraid because it was dark and Stafford had an open container in his hand. The trial court correctly concluded that fear for personal safety alone does not in itself justify a warrantless arrest.
In the second step of the Ornelas analysis, accepting the trial court's findings of historical fact as true, we must independently determine, as a matter of law, whether there was an objective justification for the arrest and detention. See Ornelas v. United States, 517 U.S. at 696,116 S.Ct. at 1661-1662. The trial court correctly applied theFourth Amendment to the United States Constitution, Section 14, Article I, Ohio Constitution, and the relevant statute to its findings of historical fact. It is now firmly established that if none of the exceptions specified in R.C. 2935.26 exist, a full custodial arrest for a minor misdemeanor offense is an unreasonable seizure of the accused in violation of the federal and Ohio constitutions. The evidence obtained incident to the arrest should be suppressed. See State v. Jones, syllabus.
My examination of the testimony persuades me that the trial court's findings were not clearly erroneous. The arresting officer's subjective belief or motivation in detaining an accused is not material to the legality of the detention. The correct test is whether there was objective justification for the detention and arrest. See State v.Robinette (1997), 80 Ohio St.3d 234, 236, 685 N.E.2d 762, 765, relying onWhren v. United States (1996), 517 U.S. 806, 812-814, 116 S.Ct. 1769,1774; see, also, Dayton v. Erickson (1996) 76 Ohio St.3d 3,665 N.E.2d 1091, and State v. Deters (1998), 128 Ohio App.3d 329, 334,714 N.E.2d 972, 975.
As a reviewing court, we should defer in this case to the trial court's assessment of the weight of the evidence and the credibility of the witnesses. Based upon the trial court's findings of fact, its order granting Stafford's motion to suppress should be affirmed on the authority of State v. Jones. Therefore, I respectfully dissent.